UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRYSTAL L. HOLTZ,

                    Plaintiff,

            v.                                          Case No. 20-C-976

CALEB FROSTMAN,
Secretary of the Wisconsin Department of
Workforce Development, in his official capacity,

                    Defendant.

## ORDER SCREENING COMPLAINT
## AND DENYING MOTION TO APPOINT COUNSEL

Plaintiff Crystal Holtz, proceeding *pro se*, filed this complaint alleging she has suffered

violations of her civil rights and her rights under the Americans with Disabilities Act (ADA), 42

U.S.C. §§ 1201 *et seq*., in an administrative proceeding before the Wisconsin Department of

Workforce Development to determine her eligibility for unemployment insurance. This matter

comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing

fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. A

review of her motion shows that Plaintiff is unmarried, received approximately $16,000 in income

in the past twelve months, is currently unemployed and receives no income, has no other

significant assets other than a vehicle, and has living expenses in excess of $950 per month. It

thus appears she is unable to pay the filing fee of $400 and her motion to proceed without prepaying

the filing fee will be granted.

# SCREENING OF THE COMPLAINT

Even though a plaintiff is allowed to proceed in forma pauperis, the court has a duty to dismiss the case at any time if it appears the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff was denied unemployment benefits and alleges that her rights were violated by administrative law judge (ALJ) Jack Rakowski. Plaintiff sues defendant Caleb Frostman, Secretary of the Wisconsin Department of Workforce Development, in his official capacity and alleges he is responsible for the actions of ALJ Rakowski.

Plaintiff had a hearing on November 6, 2019, with the unemployment insurance hearing office. Prior to this hearing, Plaintiff notified the hearing office that she had requested an ADA advocate. The hearing office said they would not pay for an advocate and, before the hearing, Plaintiff says the advocate was "shutdown by the ALJ," which prevented the advocate from addressing Plaintiff's disabilities. Pl.'s Complaint at 1. According to Plaintiff, the ALJ did not allow evidence to demonstrate that Plaintiff was a qualified individual with a disability under the ADA or Wis. Stat. § 111.32(8)(a)-(c). Plaintiff alleges she is disabled due to a severe car accident; has mental impairments due to physical, financial, and emotional domestic abuse; and has been perceived as being a drunk or, alternatively, an alcoholic. Plaintiff also says she has emails to her supervisor that show her employer knew she had qualifying disabilities.

Plaintiff also alleges she was denied a full and fair opportunity to litigate her case at the hearing. According to Plaintiff, the LIRC Tribunal admitted she did not have instructions for the hearing, which would have described topics such as witnesses, subpoena documents, and timeliness. She claims her due process rights were violated because the ALJ did not stop the

hearing to inform her about exhibits, instructions, a witness list, and subpoena information that was the same as what her employer received. Plaintiff says the hearing packet was sent by the hearing office, but U.S. mail failed to deliver it.

Plaintiff states that the ALJ was able to "unmask" the accuser in redacted emails and violated proper procedures by allowing these emails and not allowing Plaintiff her right to cross-exam her accuser. Pl.'s Complaint at 5.

In addition, Plaintiff explains that because she sued the ALJ for violating Plaintiff's right under the ADA to effective communication before her November 18, 2019 telephone hearing, the ALJ denied her claim in retaliation for her complaint.

## PROCEDURAL HISTORY

This case is before me after Plaintiff attempted to begin her lawsuit last year, but it was dismissed without prejudice after Plaintiff sought an appeal before receiving a final order. On December 18, 2019, Judge Stadtmueller screened Plaintiff's amended complaint and allowed her to proceed on her due process claim, but dismissed her claim under the ADA without prejudice and informed her that she could file an amended complaint that cures the deficiencies of her ADA claim. Case No. 19-1646, Dkt. No. 10. On January 6, 2020, Plaintiff filed a notice of appeal. In an order dated January 8, 2020, Judge Stadtmueller explained to Plaintiff that the screening order was not appealable because it did not dismiss all of her claims and was not a final order. Dkt. No. 15. In this order, Judge Stadtmueller directed Plaintiff to advise the court whether she intended to proceed on her ADA claim in addition to her due process claim within 10 days. Plaintiff was told she could proceed on her ADA claim if she alleged (1) what her disability was and (2) how a public entity denied benefits or services due to her disability. *Id*. Plaintiff failed to advise the court of her decision, Judge Stadtmueller dismissed her case without prejudice on February 5, 2020, and

4

Plaintiff filed another notice of appeal. Dkt. Nos. 16, 18. The court of appeals dismissed Plaintiff's appeals for lack of jurisdiction on March 6 and April 16, 2020, and informed her she could continue to pursue her litigation with the district court. Dkt. Nos. 22, 23. Plaintiff re-commenced her action on June 29, 2020, and the case was assigned to me. Case No. 20-976, Dkt. No. 1.

## ANALYSIS

As in her previous complaint, Plaintiff has alleged that she has a disability under the ADA and was not allowed to present evidence of her disability. Since she has now complied with Judge Stadtmueller's instructions for stating how a public entity discriminated against her due to an alleged disability and what her disability is, she will be allowed to proceed on her discrimination claim under the ADA in addition to her due process claim, in which she alleges she was not allowed to, among other things, cross-examine a witness at the hearing. Since she seeks only injunctive relief, her claims are not barred by Eleventh Amendment immunity.

Plaintiff also claims that she suffered retaliation because she filed a federal lawsuit alleging her rights under the ADA were violated that resulted in an adverse ALJ decision. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA also "make[s] it unlawful to retaliate for the exercise of rights conferred" by it. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 641 (7th Cir. 2015) (citing *Cassimy v. Bd. of Educ. of Rockford Pub. Schs. Dist. # 205*, 461 F.3d 932, 938 (7th Cir. 2006)); *see also* 28 C.F.R. § 35.134 (ADA regulations stating that "no private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated

5

in any manner in an investigation, proceeding, or hearing under the Act or this part.").  At the screening stage, Plaintiff's allegations are sufficient to proceed on a retaliation claim.

In addition, Plaintiff argues her Fourth Amendment rights were violated when she was denied unemployment benefits and a full and fair opportunity to litigate for her property.  The Fourth Amendment protects against unreasonable searches and seizures by the government.  It does not supply a right to unemployment benefits or to litigate on such grounds.  Accordingly, Plaintiff fails to state a claim under the Fourth Amendment.

In sum, Plaintiff's complaint appears to state claims for violation of the ADA, due process and retaliation.  One or more of Plaintiff's claims may be barred by issue or claim preclusion, the *Rooker-Feldman* doctrine, or res judicata.  The court's preliminary screening order should not be taken as a final determination that Plaintiff has stated valid claims.  Defendant is free to file a Rule 12(b) motion to dismiss on any ground he deems appropriate.  But for now, the case will proceed.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also filed a motion for appointment of counsel.  Dkt. No. 6.  Civil litigants do not have a constitutional or statutory right to have an attorney represent them.  *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). Yet, district courts have the discretion to recruit attorneys to represent indigent litigants in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1).  As a threshold matter, civil litigants must make a reasonable attempt to secure private counsel on their own.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc).  Once this threshold burden has been met, the court must address the following question: "given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?" *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

Plaintiff does not indicate she took this first step and made a reasonable attempt to secure counsel on her own. Instead, in support of her motion, Plaintiff asks the court to appoint counsel so that Plaintiff and the state of Wisconsin can arrive at an efficient resolution while conserving judicial resources. However noble this aim, it does not show that Plaintiff attempted to find counsel on her own. Nor does it show how she is not competent to litigate her case on her own or how her case differs from the vast number of requests for counsel the court receives to represent individuals on a volunteer basis.

Generally, in this district a plaintiff must show she contacted at least three lawyers by providing the court with the names of the lawyers she contacted and, if possible, a copy or description of their responses. Given that Plaintiff's filings thus far demonstrate an ability to communicate effectively and describe the facts relevant to her case, the court does not find that it is beyond Plaintiff's competency to contact attorneys to see if they are willing to represent her in this action and provide a description of who she contacted and their responses to the court.

Given the limited availability of lawyers willing to represent a pro se litigant at the court's request, this court must decide on a case-by-case basis whether counsel should be recruited for a particular plaintiff. As Plaintiff has not demonstrated she has made an attempt to find counsel on her own, the court declines to recruit counsel at this time. The denial is without prejudice, however, and Plaintiff may ask the court to reconsider appointing counsel upon demonstrating that she has made an effort to secure counsel on her own and remains unable to find an attorney willing to represent her.

7

**CONCLUSION**

In conclusion, Plaintiff may proceed on her discrimination and retaliation claims under the ADA as well as her due process claim. She has failed to state a claim under the Fourth Amendment. Plaintiff has also requested that the court direct service of her complaint on Defendant, Dkt. No. 5, which the court will order pursuant to Federal Rule of Civil Procedure 4.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 6) will be **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the Defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The U.S. Marshals Service will give Plaintiff information on how to remit payment. The court is not involved in the collection of the fee.

Dated at Green Bay, Wisconsin this 18th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge