UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CRYSTAL HOLTZ,

    Plaintiff,

    v.                                                                                        Case No. 20-C-976

AMY PECHACEK,[1] Secretary of the Wisconsin
Department of Workforce Development,

    Defendant.

---

## DECISION AND ORDER

---

Plaintiff Crystal Holtz, proceeding *pro se*, filed this action against the Secretary of the Wisconsin Department of Workforce Development (DWD) in her official capacity after an administrative law judge (ALJ) denied her claim for unemployment compensation benefits from her former employer, the Oneida Airport Hotel Corporation (OAHC). Holtz claims that, in the course of the administrative proceeding before the Department, the ALJ violated her rights under the United States Constitution and the Americans With Disabilities Act (ADA). For relief, Holtz asks this Court to determine that the state administrative proceeding is void and direct the Secretary to order benefits in her favor. Federal jurisdiction arises under 28 U.S.C. § 1331. The case is before the Court on the Secretary's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Holtz has not responded to the motion and the time to do so has passed. For the reasons that follow, the motion will be granted, and the case will be dismissed.

---

[1]The Court substitutes Amy Pechacek, the current-Secretary of Wisconsin's Department of Workforce Development for Caleb Frostman, the former Secretary, pursuant to Federal Rule of Civil Procedure 25.

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after they are closed, but early enough so as not to delay trial. "The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Fed. Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). To survive a motion to dismiss, plaintiff must plead sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although well-plead "allegations are accepted as true at the pleading stage," "'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012)). A court reviewing a motion for judgment on the pleadings "views all facts and inferences in the light most favorable to the non-moving party." *Fed. Mut. Ins. Co.*, 983 F.3d at 313. However, the court need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(c) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); *see also* 5C FEDERAL PRACTICE & PROCEDURE CIVIL § 1368, n.1850 (3d ed.). Judgment is warranted if there are "no material issues of fact to be resolved" and it is beyond doubt that the nonmoving party will be unable to produce sufficient facts to support her position. *Id.* (citations omitted).

Holtz alleges that, in 2019, she was terminated as an employee of the OAHC at the Radisson Hotel and Conference Center in Brown County, Wisconsin. A DWD Labor and Industry Review Commission ALJ held an unemployment insurance benefits hearing on Holtz's claim that began on November 6, 2019. Holtz alleges that, during this hearing, the ALJ violated her rights

by preventing her ADA advocate from communicating Holtz's position, denying her due process by proceeding with the hearing despite her statement that she had not received the hearing instructions and packet prior to the hearing, and denying her due process by not giving her an opportunity to cross-examine a witness. The hearing was not completed that day and was scheduled to continue on November 18, 2019. Holtz informed the ALJ that she had filed a separate lawsuit against him prior to the continued hearing, but the ALJ did not recuse himself from that hearing and ultimately denied Holtz's request for unemployment insurance benefits. Holtz alleges that the ALJ denied her claim in retaliation for her complaint. The ALJ's decision was affirmed by the Labor Industry and Review Commission on February 14, 2020.

In addition to these factual allegations, the Secretary has asked the Court to take judicial notice of the documents relating to Holtz's petition for judicial review of the Commission's decision in state court, including her petition for review, her initial and reply briefs filed in support of her petition, and the circuit court's decision denying her petition. Decl. of Jeffery A. Simcox, Exs. 1000–03, Dkt. No. 17. Under Rule 201, a court may judicially notice a fact that is not subject to reasonable dispute because it:

> 1) is generally known within the trial court's territorial jurisdiction; or
>
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). The documents filed by the Secretary meet this standard and her request that the Court take judicial notice of them is granted.

The judicially noticed documents reveal that, on March 11, 2020, Holtz sought judicial review of the DWD's denial of unemployment insurance benefits in Brown County Circuit Court. Holtz alleged that the ALJ denied her reasonable accommodations in violation of the ADA by preventing her ADA advocate from communicating on Holtz's behalf at the hearings, denied her

3

due process, and deprived her of equal protection under the Fourteenth Amendment. The circuit court determined that substantial evidence supported the Commission's finding that Holtz's refusal to submit to a drug and alcohol test as instructed by her employer based on a reasonable suspicion that she was under the influence at work constituted misconduct under Wisconsin law. The court therefore denied Holtz's petition for review in a 12-page written decision issued on April 1, 2021. Dkt. No. 17-3. In the meantime, two weeks after filing her petition for judicial review in state court, but before that court issued its decision, Holtz filed this action in federal court.

In her motion for judgment on the pleadings, the Secretary contends that, under the doctrine of claim preclusion, this Court must give the state court's decision preclusive effect and dismiss Holtz's lawsuit. The doctrine of res judicata, or claim preclusion, "bars relitigation of claims that were or could have been asserted in an earlier proceeding." *D & K Props. Crystal Lake v. Mut. Life Ins. Co. of N.Y.*, 112 F.3d 257, 259 (7th Cir. 1997) (citation omitted). But claim preclusion is an affirmative defense. Before addressing that issue, the Court must first decide whether it has subject matter jurisdiction. That depends upon whether the *Rooker–Feldman* doctrine applies.

The *Rooker–Feldman* doctrine derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Simply put, the *Rooker–Feldman* doctrine precludes lower federal court jurisdiction over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 532 (7th Cir. 2004) (quotation altered). If a claim is barred by the *Rooker–Feldman* doctrine, the federal court lacks subject matter jurisdiction over the case. *Id.*

4

Because there was no state court judgment at the time Holtz filed her federal court action, the *Rooker–Feldman* doctrine does not apply. In both *Rooker* and *Feldman*, the losing party in state court filed suit in federal court after the state proceedings ended. Plaintiffs in both cases, alleging federal question jurisdiction, asked the district court to overturn the state court judgments entered against them. Because 28 U.S.C. § 1257 vests authority to review a state court's judgment solely in the United States Supreme Court, the district courts in both cases lacked subject-matter jurisdiction. But that rule does not apply when the state court has not rendered judgment at the time the federal action is commenced. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("When there is parallel state and federal litigation, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (internal quotation omitted)). While the state court action is pending, "[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation. But neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." *Id.* (citations omitted). Once the state court action is concluded, however, disposition of the federal action is governed by principles of claim and issue preclusion. *Id.* at 293. It is to that law that the Court now turns.

"To decide the preclusive effect of a state-court judgment, and in the interest of affording full faith and credit to state-court judgments, 28 U.S.C. § 1738, we look to the law of the state where the judgment occurred." *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019) (citation omitted); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470

U.S. 373, 380 (1985). If a state court judgment would be granted preclusive effect under state law, and the party against whom preclusion is being sought was afforded a full and fair opportunity to raise her claim in the state court proceeding, then a federal court must afford that judgment preclusive effect. *Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012). Because the state court proceeding provided Holtz with a full and fair opportunity to litigate her claim, the Court will look to Wisconsin law to determine whether Holtz's claims are precluded.

"Wisconsin has adopted a transactional approach to claim preclusion. . . . Under this approach, if a second suit arises from the same transaction, incident, or factual situation as an initial suit, *res judicata* will bar the second suit." *Balcerzak v. City of Milwaukee*, 163 F.3d 993, 996 (7th Cir. 1998) (citing *N. States Power Co. v. Bugher*, 189 Wis. 2d 541, 525 N.W.2d 723 (1995)). In order for claim preclusion to apply, "the following factors must be present: (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction." *Bugher*, 189 Wis. 2d at 551.

Here, all three elements of claim preclusion are present. First, the state court action and the instant case involve the same parties. In the state court action, Holtz sued the DWD, and in this case, she sued the DWD Secretary. Because state officials sued individually are considered to be in privity with their employing state agency under Wisconsin law, *id.* at 551–52, the first factor has been satisfied. Second, both actions arise from the same set of facts and are based on the same claims, namely alleged violations of the ADA and her due process rights during the unemployment insurance benefits hearings with the ALJ. In fact, as the circuit court noted, Holtz did not even address the merits of the Commission's decision denying her benefits, but instead focused on the constitutional and ADA violations that she alleged occurred during the hearing

6

before the ALJ. Dkt. No. 17-4 at 7. To the extent Holtz intended to assert new claims in this case, those claims are barred by res judicata because she was required to raise all legal theories in one lawsuit. *See Wilson v. City of Chicago*, 120 F.3d 681, 686 (7th Cir. 1997) ("Two claims arising from the same set of facts are one claim for res judicata purposes, and may not be split . . . by making each claim the subject of a separate suit."). Finally, the Brown County Circuit Court issued a decision denying Holtz's petition on the merits. Consequently, this action is barred by the doctrine of res judicata.

For these reasons, the Secretary's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
